UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINT PONTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4842 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Clint Ponton's ("Ponton") Motion to Remand (Doc. 5), as well as Defendant Allstate Texas Lloyd's ("Allstate") response (Doc. 6). Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case.  Plaintiff Ponton alleges his house at 12218 Rolbury Lane in Houston, Texas, sustained roof damage as a result of Hurricane Ike on September 13, 2008. (Doc. 1-2 at 2.)  Ponton's house was covered by an insurance policy (the "Policy") issued by Defendant Allstate.  (*Id.*)  After the hurricane, "Ponton patched his roof without filing a claim because he did not want his premium to go up."  (*Id.*)  Ponton later submitted his claim to Allstate.  (*Id.*)  Allstate hired the law firm of Doyle, Restrepo, Harvin & Robbins, LLP ("Doyle") to adjust the claim.  (*Id.*)  Doyle sent inspectors to the property on August 17, 2010.  (*Id.*) Ponton alleges that since the inspection, "the law firm has not made any offer of settlement nor has the firm made further request for information from Plaintiff."  (*Id.*)

On September 13, 2010, Plaintiff Ponton filed his Original Petition in the 11th Judicial

District Court of Harris County, Texas, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("TDTPA") and Texas Insurance Code.  (*Id.* at 3–5.)  On December 3, 2010, Defendant Allstate removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1 at 1.)  Plaintiff now moves for remand to state court.  (Doc. 5.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).  "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ."  The removing party bears the burden of establishing federal jurisdiction.  *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Removal statutes are construed "strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III.  Discussion

Plaintiff Ponton performed a search of the Texas Department of Insurance's Internet web site revealing that Allstate is listed as having a "Home City/State" in Irving, Texas. (Doc. 5-1 at 1.)  Ponton argues that Allstate is therefore estopped from claiming to be a foreign entity. (Doc. 5 ¶ 10–11.)  Allstate responds that is not a Texas citizen, but, rather, "an unincorporated association of foreign underwriters doing in business in Texas as a 'Lloyd's Plan' insurer in accordance with Chapter 941 of the Texas Insurance Code."  (Doc. 6 ¶ 4; Aff. of Jennifer M. Hager, Doc. 6-2 ¶ 3.)  "Allstate Texas Lloyd's underwriters all reside outside the state of Texas." (Aff. of Jennifer M. Hager, Doc. 6-2 ¶ 4.)

"[T]he citizenship of an unincorporated association, like a partnership, is determined . . . solely by the citizenship of its members."  *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997); *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–84 (5th Cir. 1993); *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  An unincorporated association "is not a jural person for purposes of diversity jurisdiction, even when it has the capacity to sue or be sued in the association name."  *Massey*, 993 F. Supp at 570 (quoting *Calagaz v. Calhoon*, 309 F.2d 248, 251–52 (5th Cir. 1962)).  Allstate is required to maintain an attorney-in-fact to operate as a Lloyd's Plan insurer under Chapter 941 of the Texas Insurance Code.  *See* Tex. Ins. Code § 941.102(a) (listing the information required to be filed by

Allstate's attorney-in-fact to obtain a certificate of authority). For diversity purposes, then, the citizenship of Allstate's attorney-in-fact is irrelevant.

Next, Ponton relies on 28 U.S.C. § 1332(c)(1) to show that Allstate is a citizen of Texas:

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, ***except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business***; . . .

28 U.S.C. § 1332(c)(1) (emphasis added).

Under § 1332(c)(1), in "direct actions" against an insurer in which the insured is not joined as a defendant, the insurer is deemed not only to be a citizen of its state of incorporation and of its principal place of business but also of the state of which its insured is a citizen. 28 U.S.C. § 1332(c)(1). Congress enacted this provision to eliminate the basis for diversity in states that allow injured third-parties to seek damages from an insurance company without joining the insurance company's insured as a party-defendant. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9 (1989); *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985); *see also Adams v. State Farm Mut. Auto. Ins. Co.*, 313 F. Supp. 1349, 1352 (N.D. Miss. 1970) (noting that Congress did not intend for § 1332(c)(1) to apply to suits by an insured against his own insurer).

An insured person's suit against his insurer is not a "direct action," and therefore "the section 1332(c)(1) direct action provision does not preclude diversity jurisdiction." *Blankenship v. Sentry Ins. Co.*, 1995 WL 861099, *1 (S.D. Tex. 1995) (citing *Beckham v. Safeco Ins., Co.*, 691 F.2d 898, 901–02 (9th Cir. 1982)); *Peace Tabernacle v. Nationwide Property & Casualty*

*Ins. Co.*, No H-10-2363, 2010 WL 4583125, *3–4 (S.D. Tex. Nov. 4, 2010); *Barton v. Allstate Ins. Co.*, 729 F. Supp. 56, 57 (W.D. Tex. 1990); *Fortson*, 751 F.2d at 1159. Texas law, moreover, does not permit direct actions against third-party liability insurers to which the direct action provision of 28 U.S.C. § 1332(c)(1) could apply. *Ohio Cas. Ins. Co. v. Time Warner Entertainment Co., L.P.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied) (holding that, in Texas, a "tort claimant has no direct cause of action against the tortfeasor's liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant.").

This is neither a "direct action" nor a suit on a liability policy, and the insured, Plaintiff Ponton, is a party in the lawsuit. Therefore, 28 U.S.C. § 1332(c)(1) is inapposite to Ponton's first-party suit against his homeowner's insurance policy for property damage.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Clint Ponton's Motion to Remand and Memorandum in Support (Doc. 5) is **DENIED**.

Defendant Allstate Texas Lloyd's Motion for Leave to File Notice of Supplemental Authority (Doc. 9) is **DENIED** as moot.

SIGNED at Houston, Texas, this 18th day of July, 2011.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE